**Samuel E. WILLIAMS, Plaintiff-Appellant,**

v.

**Dolph BRISCOE et al., Defendants-Appellees.**

No. 79–2621.

United States Court of Appeals, Fifth Circuit.

July 10, 1979.

Samuel E. Williams, pro se.

Mark White, Atty. Gen., Austin, Tex., for defendants-appellees.

Before AINSWORTH, CLARK and VANCE, Circuit Judges.

PER CURIAM:

This is a civil rights case brought under 42 U.S.C. § 1983 and other cited statutes by a Texas state prisoner against various officials of that state. Plaintiff seeks declaratory, monetary and injunctive relief because of alleged denial of substantive and procedural due process in connection with the Texas Board of Pardon and Paroles' consideration of his eligibility for parole. His major complaints are that (1) his past criminal record was considered by the board; (2) he was not allowed to appear and present evidence; (3) he was not given the minutes of the meeting; (4) he was not permitted to challenge the board's decision; and (5) the board has established a discriminatory scheme to determine parole eligibility.

Correctly applying fifth circuit precedents, the district court dismissed the complaint for failure to state a claim.

Subsequently, the Supreme Court announced its opinion in *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex,* —— U.S. ——, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). *Greenholtz* is in general accord with prior decisions of this circuit. It held, however, that the expectancy of release provided in the Nebraska parole statute then under review was entitled to a measure of constitutional protection. Significantly, the court also stated ". . . whether any other state statute provides a protectible entitlement must be decided on a case-by-case basis." *Id.* at ——, 99 S.Ct. at 2106. The analysis of the Texas statute required in this case can better be conducted initially by the district court rather than on appeal.

The case comes to us only on plaintiff's Motion for Leave to Proceed on Appeal In Forma Pauperis, but it is now ripe for summary disposition.[1] The motion is granted; the clerk is instructed to docket the case; the district court's judgment of dismissal is vacated and the case is remanded for further proceedings. Specifically contemplated is a determination of the effect, if any, of *Greenholtz* under the Texas statute. Texas Adult Probation, Parole and Mandatory Supervision Law, Tex.Code Crim.Proc. art. 42.12 (Vernon's 1979).

VACATED AND REMANDED.

---

1. *See Groendyke Transport, Inc. v. Davis,* 406 F.2d 1158 (5th Cir.), *cert. denied,* 394 U.S. 1012, 89 S.Ct. 1628, 23 L.Ed.2d 39 (1969).