**Samuel E. WILLIAMS,
Petitioner-Appellant,**

v.

**Dolph BRISCOE et al.,
Respondents-Appellees.**

No. 80–1104
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
Unit A

March 30, 1981.

Rehearing and Rehearing En Banc
Denied May 11, 1981.

King Waters (Court Appointed), Houston, Tex., for petitioner-appellant.

Mark White, Atty. Gen., Austin, Tex., Art Keinarth, for respondents-appellees.

Before POLITZ, TATE and SAM D. JOHNSON, Circuit Judges.

POLITZ, Circuit Judge:

Samuel E. Williams, currently serving a 50 year sentence for armed robbery, appeals the second dismissal of his complaint brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1985, against various Texas state officials including the Governor, his administrative assistant, the Chairmen of the Board of Pardons and Parole and Board of Corrections, and the Director of the Department of Corrections. The district court originally dismissed the complaint, correctly applying precedents of this court. Subsequent to the district court's decision the Supreme Court announced its opinion in *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). We reversed and remanded for consideration of Williams' complaint in light of *Greenholtz*, particularly the instruction that the decision whether state parole statutes provide a "protectible entitlement must be decided on a case-by-case basis." *Id.* at 12, 99 S.Ct. at 2106. *Williams v. Briscoe*, 599 F.2d 620 (5th Cir. 1979). On remand the district court concluded that the Texas Adult Probation, Parole and Mandatory Supervision Law, Tex. Code Crim.Proc. art. 42.12 (Vernon 1979), does not create a protectible expectancy of release as recognized by the Court in *Greenholtz*, and dismissed the claim under Fed.R. Crim.P. 12(b)(6) for failure to state a claim upon which relief can be granted. We affirm.[1]

In *Greenholtz*, inmates in Nebraska filed a § 1983 suit contending that the Nebraska parole statutes and the parole board procedures denied them procedural due process. The Supreme Court rejected the argument that the mere possibility of parole creates a conditional liberty interest which involves constitutional protection. However, the Court noted that the Nebraska statute created an expectancy of release which occasioned some constitutional protection. In reaching this conclusion the Court emphasized the "unique structure and language" of the Nebraska statute and mandated the case-by-case evaluation of the statutes of the other states. 442 U.S. at 12, 99 S.Ct. at 2106. Consistent with this directive, on remand the district court carefully contrasted the language of the Nebraska statute, Neb. Rev.Stat. §§ 83–1,101 *et seq.*, with the Texas statute, Tex.Code Crim.Proc. art. 42.12, making the threshold inquiry whether the Texas discretionary parole provisions create an expectancy of release that rises to the level of a constitutionally protectible entitlement.

---

**1.** On appeal Williams raises issues other than the applicability of *Greenholtz*. Appellees insist that these issues were disposed of by our prior opinion which is thus the law of the case.

We pretermit whether the doctrine of the law of the case applies in this instance; our review of the other issues discloses that they are without merit.

The Nebraska and Texas statutes contain substantively identical provisions governing mandatory parole when an inmate has served his maximum term, less good time credits. Under both statutes parole is then automatic. The provisions for discretionary parole eligibility under the two statutes, however, are substantially different. The Nebraska prisoner becomes eligible for discretionary parole after serving his minimum term, less good time credits. Neb. Rev.Stat. § 83–1,110(1). Texas inmates become eligible after serving one-third of their maximum term or 20 years, whichever is less. Tex.Code Crim.Proc. art. 42.12, § 15(b). Good time credits are not automatic and whether such time is given in Texas depends on various factors. *Id.*

The Nebraska statute mandates parole, once eligibility has been attained, unless one of four specific reasons proscribes release. Neb.Rev.Stat. § 83–1,114(1) provides:

> Whenever the Board of Parole considers the release of a committed offender who is eligible for release on parole, it shall order his release unless it is of the opinion that his release should be deferred because:
>
>   (a) There is a substantial risk that he will not conform to the conditions of parole;
>
>   (b) His release would depreciate the seriousness of his crime or promote disrespect for the law;
>
>   (c) His release would have a substantially adverse effect on institutional discipline; or
>
>   (d) His continued correctional treatment, medical care, or vocational or other training in the facility will substantially enhance his capacity to lead a law-abiding life when released at a later date.

The Supreme Court concluded that this language of the Nebraska statute resulted in a statutorily created expectancy, stating: "We can accept respondent's view that the expectancy of release provided in this statute is entitled to some measure of constitutional protection." 442 U.S. at 12, 99 S.Ct. at 2106. Respondent's view was that "the

statute creates a presumption that parole release will be granted, and that this in turn creates a legitimate expectation of release absent the requisite finding that one of the justifications for deferral exists." *Id.*

The Texas statute creates no such expectation of release. Pertinent extracts from Tex.Code Crim.Proc. art. 42.12 include:

> § 14A(e):
>
> A parole panel, as hereinafter provided, may recommend the granting, denying, or revocation of parole . . . .
>
> § 15(a):
>
> The Board is authorized to release on parole, with the approval of the Governor, any person confined in any penal or correctional institution of this State who is eligible for parole . . . .
>
> § 15(f):
>
> Before ordering the parole of any prisoner, the Board may have the prisoner appear before it and interview him. A parole shall be ordered only for the best interest of society, not as an award of clemency; it shall not be considered a reduction of sentence or pardon. A prisoner shall be placed on parole only when arrangements have been made for his proper employment or for his maintenance and care, and . . . when the Board believes that he is able and willing to fulfill the obligations of a law-abiding citizen. Every prisoner while on parole shall remain in the legal custody of the institution from which he was released but shall be amenable to the orders of the Board.

The Texas inmate, upon achieving discretionary parole eligibility, must overcome other obstacles and meet other requirements. He must have both the parole board's favorable recommendation and the approval of the Governor, neither of which is statutorily granted as a matter of right. In comparison, a Nebraska inmate becomes entitled to his release unless one of the proscribing factors is found to exist.

The language of the Texas statute, particularly that cited from § 15(f) above, can-

not reasonably be taken to encourage the expectancy of the right to release. The articulation is abundantly clear; "a parole shall be ordered only for the best interest of society ... when the Board believes that [the inmate] is able and willing to fulfill the obligations of a law-abiding citizen." This evaluation alone, which contains both subjective and objective factors, makes totally unwarranted any suggestion that the statute creates a presumption of entitlement to release on parole after the accrual of the minimum time of incarceration.

Williams recognizes that the Texas statute does not contain language similar to the Nebraska statute. He asserts, however, that the parole structures and considerations are sufficiently similar to require the same result. Additionally, Williams contends that although the statute may not give the inmate an expectation of release, once the Board makes a recommendation of parole to the Governor an expectation is created. Williams supports this contention by referring to statistics reflecting that very few recommendations are not accepted by the Governor. The argument is ingenious but not compelling. The Supreme Court's opinion in *Greenholtz* pertains to those instances in which the controlling legislation creates the protected expectation. Williams asks us to expand that holding and declare that due process considerations arise whenever the practices and history of a parole system indicate that most inmates are paroled when the Board makes a favorable recommendation; we decline to do so.

We hold that the Texas Adult Probation, Parole and Mandatory Supervision Law, Tex.Code Crim.Proc. art. 42.12 (Vernon 1979), does not create that protectible expectancy of release recognized by the Supreme Court in *Greenholtz*.

The district court is, accordingly, AFFIRMED.