Gerald H. IRVING, Plaintiff-Appellant,

v.

Morris THIGPEN, Charles J. Jackson,
and Eddie Lucas,
Defendants-Appellees.

No. 83–4492
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 7, 1984.

Gerald H. Irving pro se.

Robert L. Gibbs, Asst. Atty. Gen., Jackson, Miss., for defendants-appellees.

Before REAVLEY, RANDALL and WILLIAMS, Circuit Judges.

PER CURIAM:

Petitioner Gerald Irving, an inmate of the Mississippi Department of Corrections, filed this *pro se* section 1983 action against the chairman of the Mississippi Parole Board and the Commissioner of Corrections, alleging that the defendants violated his constitutional rights of due process and equal protection when denying him parole during each of the past seven years. Upon recommendation from the magistrate, the district court dismissed Irving's complaint for failure to state a claim upon which relief could be granted. Irving appeals.

Irving alleges that he is a model prisoner [1] and that the parole board has arbitrarily and capriciously denied him parole every year since 1977 without providing him an adequate written statement of the reasons for such denial. He contends that the Board not only has denied him procedural due process but has also denied him parole because of his race. Irving seeks a "fair and impartial" parole hearing, and "such

---

**1.** Irving is classified as a Class I offender. Class I offenders are awarded the greatest number of days of earned time (30) for each month served, and are the only class of offenders that are eligible for work release programs and parole. *See* Miss.Code Ann. §§ 47–5–139(2) and (6) (1972 & Supp.1983).

other relief the Court may find to be just and equitible [sic]."

Irving was permitted to file his complaint *in forma pauperis*, but the action was dismissed prior to service of process on the defendants.[2]

Irving's claims against the defendants call in question the fact or duration of his confinement. *See Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir.1983); *Staton v. Wainwright*, 665 F.2d 686, 687 (5th Cir.), *cert. denied*, 456 U.S. 909, 102 S.Ct. 1757, 72 L.Ed.2d 166 (1982). Thus, despite its label as a section 1983 action, Irving's complaint is essentially a habeas corpus petition. *See, e.g., Caldwell v. Line*, 679 F.2d 494, 496 (5th Cir.1982); *Tarter v. Hury*, 646 F.2d 1010, 1011 (5th Cir.1981).[3] However, neither habeas nor civil rights relief can be had absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States. 28 U.S.C. § 2254(a) (1982); 42 U.S.C. § 1983 (1976); *Baker v. McCollan*, 443 U.S. 137, 140, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1979) (first inquiry in any section 1983 suit is whether the plaintiff has been deprived of a right secured by the constitution); *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir.), *cert. denied*, —— U.S. ——, 104 S.Ct. 168, 78 L.Ed.2d 153 (1983) (federal court may entertain an application for a writ of habeas corpus from a person in state custody only on the ground that he is in custody in violation of the United States Constitution or laws of the United States). Therefore, if Irving has not alleged a deprivation of any such right, he has failed to state a claim for either habeas or civil rights relief. *Thomas v. Torres, supra*, at 249.

In *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), the Supreme Court addressed the issue of an inmate's right to the constitutional protection of due process in parole considerations. In *Greenholtz*, inmates in Nebraska filed suit under 42 U.S.C. § 1983, contending that the Nebraska parole statutes and parole board procedures denied them procedural due process. The Supreme Court rejected the argument that the mere possibility of parole creates a conditional liberty interest that involves constitutional protection. The Court found, however, that the Nebraska statute did provide for automatic parole unless certain factors were found to exist; thus, the Court concluded that the Nebraska statute created an expectancy of release that occasioned some constitutional protection. In reaching this conclusion, the Court emphasized the "unique structure and language" of the Nebraska statute, and mandated case-by-case evaluation of the statutes of the other states.[4] *Id.* at 12, 99 S.Ct. at 2106.

**2.** The handling of *in forma pauperis* complaints is governed by 28 U.S.C. § 1915 (1982) and the rules established by this court in *Watson v. Ault*, 525 F.2d 886 (5th Cir.1976). Generally, a pauper's complaint cannot be dismissed prior to service of process unless "frivolous or malicious" within the meaning of 28 U.S.C. § 1915(d). *See Holloway v. Gunnell*, 685 F.2d 150, 152 (5th Cir.1982); *Watson v. Ault*, 525 F.2d at 892–93. The district court did not expressly state that Irving's claims were "frivolous." However, since the court could not determine the merits of Irving's complaint prior to service without concluding that the complaint was "frivolous" under § 1915(d), we treat the court's conclusion as a § 1915(d) determination. *See Holloway v. Gunnell, supra*, at 155 n. 5; *Watson v. Ault*, 525 F.2d at 892–93. *But cf. Bienvenu v. Beauregard Parish Police Jury*, 705 F.2d 1457, 1458 (5th Cir.1983).

**3.** In *Jackson v. Torres*, 720 F.2d 877 (5th Cir. 1983), we noted that "[t]he rule in this Circuit is that any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under Section 1983. The relief sought by the prisoner or the label he places upon the action is not the governing factor." *Id.* at 879 (citations omitted).

**4.** In *Greenholtz*, the Court noted that the Nebraska statutes provide for both mandatory and discretionary parole. Parole is automatic when an inmate has served his or her maximum time, less good-time credits; an inmate becomes eligible for discretionary parole when he or she has served the minimum time, less good-time credits. 442 U.S. at 4, 99 S.Ct. at 2102. Only discretionary parole was involved in *Greenholtz*. The Court found that Nebraska inmates had a con-

In *Williams v. Briscoe*, 641 F.2d 274 (5th Cir.), *cert. denied*, 454 U.S. 854, 102 S.Ct. 299, 70 L.Ed.2d 147 (1981), we held that the Texas parole statute, unlike the one in Nebraska, does not create a presumption of entitlement to release on parole after the accrual of the minimum time of incarceration,[5] and thus that the prisoners in that case had no constitutionally protected interest in a parole hearing. *Id.* at 277. *See also Staton v. Wainwright, supra,* at 687–88 (Florida parole statutes create no constitutionally protected liberty interest). We are now called upon to determine whether Mississippi has created an entitlement to release after a minimum period of incarceration.

The Mississippi statute like the Texas statute calls for discretionary rather than mandatory action on the part of the Board. Miss.Code Ann. § 47–7–3 (1972 & Supp. 1983) provides that:

(1) Every prisoner ... whose record of conduct shows that such prisoner has observed the rules of the penitentiary, and who has served not less than one-fourth (¼) of the total of such term or terms for which such prisoner was sentenced, or, if sentenced to serve a term or terms of thirty (30) years or more, or, if sentenced for the term of the natural life of such prisoner, has served not less than ten (10) years of such life sentence, *may* be released on parole ....

(Emphasis added.)[6] The parole decision is within the Board's discretion since the Board is to order parole "only for the best interest of society ... when the board believes that [a prisoner] is able and willing to fulfill the obligations of a law-abiding citizen." Miss.Code Ann. § 47–7–17 (1972 & Supp.1983).

This language parallels the relevant language of the Texas parole statute in *Briscoe*, which we held did not create an expectation of release. There we noted that Tex.Code Crim.Proc. art. 42.12 (Vernon 1979) provides that " 'a parole shall be ordered only for the best interest of society ... when the Board believes that [the inmate] is able and willing to fulfill the obligations of a law-abiding citizen.' This evaluation alone, which contains both subjective and objective factors, makes totally unwarranted any suggestion that the statute creates a presumption of entitlement to release on parole after the accrual of the minimum time of incarceration." 641 F.2d at 277. We hold here too that the Mississippi statute does not create any constitu-

stitutionally cognizable liberty interest because the Nebraska statute expressly mandated that the Nebraska Board of Parole "shall" order the inmate's release "unless" it decided that one of the four specified reasons for denial was applicable. 442 U.S. at 11, 99 S.Ct. at 2105. *See also Connecticut Board of Pardons v. Dumschat,* 452 U.S. 458, 466, 101 S.Ct. 2460, 2465, 69 L.Ed.2d 158 (1981).

5. In *Briscoe*, we noted that while the Nebraska statute requires that the parole board "shall" order the inmate's release "unless" one of the four specific reasons proscribes release, the Texas statute provides only that the parole board "may" recommend to the Governor that an inmate be paroled. 641 F.2d at 276. Because the Texas Parole Board's favorable recommendation and the Governor's approval are discretionary, rather than statutorily granted as a matter of right, we held that the Texas statute "cannot reasonably be taken to encourage the expectancy of the right to release." *Id.* at 277.

6. Section 47–7–3(1) also provides, however, that
(a) No prisoner convicted as a confirmed and habitual criminal under the provisions of sections 99–19–81 through 99–19–87 shall be eligible for parole;
(b) Any person who shall have been convicted of a sex crime, and is otherwise eligible for parole, shall not be released on parole until after he has been examined by a competent psychiatrist selected by the state probation and parole board and found to be of normal and sound mind;
(c) No one shall be eligible for parole until he shall have served one (1) year of his sentence;
(d) No person shall be eligible for parole who shall, on or after January 1, 1977, be convicted of robbery or attempted robbery through the display of a firearm until he shall have served ten (10) years if sentenced to a term or terms of more than ten (10) years or if sentenced for the term of the natural life of such person. If such person is sentenced to a term or terms of ten (10) years or less, then such person shall not be eligible for parole. The provisions of this paragraph (d) shall also apply to any person who shall commit robbery or attempted robbery on or after July 1, 1982, through the display of a deadly weapon.

tionally protected liberty interest in parole to which procedural due process considerations attach. *See also Thomas v. Sellers,* 691 F.2d 487, 489 (11th Cir.1982) (Alabama parole statutes do not create liberty interest because parole board's actions are discretionary); *Boothe v. Hammock,* 605 F.2d 661, 664 (2d Cir.1979) (New York parole statutes do not create liberty interest). Thus, Irving cannot maintain a section 1983 action or a habeas petition on the grounds that the parole board has deprived him of procedural due process. *See Thomas v. Torres,* 717 F.2d 248, 249 (5th Cir.1983); *Johnson v. Wells,* 566 F.2d 1016, 1018 (5th Cir.1978); *Craft v. Texas Board of Pardons and Paroles,* 550 F.2d 1054, 1056 (5th Cir.), *cert. denied,* 434 U.S. 926, 98 S.Ct. 408, 54 L.Ed.2d 285 (1977).

■ Irving's equal protection claim is a different matter. He contends that he has been denied parole on the basis of his race. Such an allegation, if proved, would constitute denial of a cognizable federal right, but since Irving's complaint is essentially a habeas corpus petition, it is subject to the exhaustion requirements of 28 U.S.C. § 2254(b) (1982). Irving has made no showing that he has exhausted his state court remedies with respect to his equal protection cause of action. We therefore vacate that portion of the district court's judgment that dismisses with prejudice Irving's equal protection cause of action and remand the case to the district court and instruct that the equal protection claim be dismissed without prejudice. *See, e.g., Delaney v. Giarrusso,* 633 F.2d 1126, 1128 (5th Cir.1981).[7]

AFFIRMED IN PART; VACATED IN PART and REMANDED WITH INSTRUCTIONS.

---

**7.** Irving also alleges that the parole board's members denied him parole in retaliation against the exercise of his constitutional rights, and that the board conspired to deny him his constitutional rights. Such claims must also be addressed first by the state courts. Thus, we also vacate that part of the district court's order that dismisses with prejudice these claims and remand the case to the district court and instruct that the district court dismiss these claims without prejudice.