IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60106
Summary Calendar
_____

JARVIOUS COTTON,

                                        Petitioner-Appellant,

versus

WALTER BOOKER; MIKE MOORE,

                                        Respondents-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:98-CV-1-D-B
- - - - - - - - - -
December 18, 1998

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Jarvious Cotton, Mississippi prisoner # 34463, seeks a
certificate of appealability (COA) to appeal the denial of his
application for a writ of habeas corpus filed pursuant to 28
U.S.C. § 2254.  Cotton argues that the district court failed to
address his equal protection claim that he was denied parole
based on his race.  He also argues that he was denied due process
because the Parole Board abused its discretion by considering
improper factors.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Because Cotton has no liberty interest in obtaining parole in Mississippi, he cannot complain of the denial of parole based on his allegations of a denial of due process, abuse of discretion, or consideration of false or improper factors. Scales v. Mississippi State Parole Bd., 831 F.2d 565, 565-66 (5th Cir. 1987); see also Johnson v. Rodriquez, 110 F.3d 299, 308-09 (5th Cir. 1997). The district court's judgment is AFFIRMED to the extent that it denied relief on due process grounds.

Cotton's allegations that he was denied equal protection because he was denied parole based on his race presents a different issue. Such an allegation, if proved, would constitute denial of a cognizable federal right. Irving v. Thigpen, 732 F.2d 1215, 1218 (5th Cir. 1984). In order to make out an Equal Protection claim, Cotton must prove the existence of purposeful discrimination, which implies that the decisionmaker selected a particular course of action at least in part because of the adverse impact it would have on an identifiable group. Johnson, 110 F.3d at 306-07. Cotton must allege that he was denied parole based upon discriminatory treatment due to his race or other improper motive, and not just due to an inconsistent application or result. See Thompson v. Patteson, 985 F.2d 202, 207 (5th Cir. 1993) (absent any allegation of improper motive, in the sense of being treated differently because of some personal or class characteristic such as race or religion, a mere claim of inconsistent outcomes in particular, individual instances furnishes no basis for relief on an equal protection claim).

Cotton alleged in the district court that he was denied parole and that other white inmates similarly situated to him in terms of sentence and parole factors were granted parole. Cotton offered to prove his claim by a comparison of the parole records of these other inmates. To the extent that Cotton's claim is based on a mere claim of inconsistent outcomes in particular, individual instances, his equal protection claim fails. Thompson, 985 F.2d at 207. However, to the extent that his claim is based on an allegation of improper motive, race, he has asserted a constitutional claim cognizable in this habeas proceeding.

The district court's opinion completely ignored Cotton's allegations of racial discrimination. Cotton's allegation was not conclusional; he offered to prove his claim. We GRANT a COA on the equal protection claim, we AFFIRM that part of the judgment denying relief on due process grounds, and we VACATE the district court's judgment and REMAND this case, without requiring further briefing, for consideration of Cotton's allegations of a denial of equal protection based on race.

COA GRANTED; Judgment AFFIRMED IN PART and VACATED IN PART and case REMANDED.