**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 01-20084
Summary Calendar

DAVID C. JOHNSON; et al.,

Plaintiffs,

DAVID C. JOHNSON; JERALD MILTON;
ROBERT ESPARZA; ANTHONY MASSINGILL,

Plaintiffs-Appellants,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
PAROLE BOARD; GERALD GARRETT; RISSIE
OWENS; LAFAYETTE COLLINS; JOHN DOE;
CHARLES A. SHIPMAN; DANIEL LANG;
CYNTHIA TAUSS; LINDA GARCIA; JAMES P.
KIEL, JR.; THOMAS W. MOSS; LYNN F. BROWN;
FILBERTO REYNA; BRENDOLYN ROGERS; SANDI
WALKER; LUCINDA SIMONS; JUANITA GONZALEZ;
ALVIN A. SHAW; STATE OF TEXAS,

Defendants-Appellees.

--------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-309
September 7, 2001

Before JOLLY, BENAVIDES and STEWART, Circuit Judges:

PER CURIAM:[*]

David C. Johnson, Texas prisoner # 295880; Jerald Milton, Texas prisoner # 354276; Robert

Esparza, Texas prisoner # 457156; and Anthony Massingill, Texas prisoner # 306784, appeal from

the district court's dismissal of their 42 U.S.C. § 1983 complaint as frivolous under 28 U.S.C. §

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1915A(b). They argue that 37 Tex. Admin. Code §§ 61.81-61.84, prior to its repeal, created a liberty interest in their expectation of release on parole.

This court reviews the district court's dismissal as frivolous for an abuse of discretion. Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999). This court has held as far back as 1981 that the Texas parole procedure created nothing more than a hope and, thus, that it did not create a liberty interest in parole. See Williams v. Briscoe, 641 F.2d 274, 276 (5th Cir. 1981); see also Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 11 (1979). The district court did not abuse its discretion in dismissing the complaint as frivolous because the complaint is based on an "indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." Brady, 192 F.3d at 507. The appeal is without merit and is therefore frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5th Cir. R. 42.2.

The dismissal of this appeal and the dismissal for failure to state a claim by the district court each count as a "strike" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Appellants Milton, Esparza, and Massingill, therefore, have two "strikes" under 28 U.S.C. § 1915(g). We caution them that once they accumulate three "strikes," they may not proceed in forma pauperis (IFP) in any civil action or appeal filed while they are incarcerated or detained in any facility unless they are under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

We note that Johnson has at least two other "strikes" against him. See Johnson v. AEDPA, No. 00-40882 (5th Cir. June 14, 2001) (unpublished). By accumulating three "strikes," Johnson is BARRED from proceeding IFP in any subsequent civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTIONS WARNING ISSUED; 28 U.S.C. § 1915(g) BAR INVOKED AS TO APPELLANT JOHNSON.