IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20329
Conference Calendar
_____


ULYSSES JOHNSON,

                                          Plaintiff-Appellant,

versus

TEXAS BOARD OF PARDONS & PAROLE;
OTHER UNKNOWN NAMED AGENCIES,

                                          Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-611
--------------------
February 19, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:*

    Ulysses Johnson, Texas prisoner # 794106, appeals the

district court's dismissal of his 42 U.S.C. § 1983 complaint

under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to

state a claim.  Johnson argues that he has been denied parole

based upon false and misleading information provided to the Texas

Board of Pardons & Parole by a parole review officer, thereby

depriving him of a due process liberty interest.

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Texas law does not create an expectation of release on parole, and Johnson does not have a constitutional right to release. See Orellana v. Kyle, 65 F.3d 29, 32 (5th Cir. 1995); Williams v. Briscoe, 641 F.2d 274, 276-77 (5th Cir. 1981). Johnson's allegations do not amount to a federal constitutional violation. See Johnson v. Rodriquez, 110 F.3d 299, 308 (5th Cir. 1997).

Johnson's appeal is wholly without arguable merit, is frivolous, and is therefore DISMISSED. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. The district court's dismissal of his complaint counts as a "strike" for purposes of 28 U.S.C. § 1915(g), as does this court's dismissal of the instant appeal. See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).

We caution Johnson that if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

DISMISSED; THREE-STRIKES WARNING ISSUED.