TOWN OF BELZONI *v.* LUCKETT.

[68 South. 171.]

1. FINES. *Illegal fines. Recovery back.*
    By statute (section 3348, Code 1906), a municipality is authorized
    "to pass all ordinances, and to enforce the same by fine not ex-
    ceeding one hundred dollars or imprisonment not exceeding
    thirty days or both." Where a fine of two hundred and fifty
    dollars was imposed by the mayor for the violation of a town or-
    dinance, it was void as to the excess above one hundred dollars,
    and such excess, when paid under duress, may be recovered back
    from the city.

2. FINE. *Illegal fines. Recovery back.*
    Where, when a plaintiff paid a fine for violating a city ordinance
    in excess of that authorized by law, she was in custody and was
    told by the mayor that she would be sent to a convict farm if
    she did not get the money and pay the fine that day, such pay-
    ment was made under duress and she could recover back the
    void part of the fine.

APPEAL from the circuit court of Washington county.
HON. J. M. CASHIN, Judge.

Suit by Ida Luckett against the Town of Belzoni.
From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Jas. A. Finley,* for appellant.

Appellee should not recover because payment was voluntarily made under a mistake of law. The mere fact that appellee paid the fine while under arrest does not constitute such duress as to entitle recovery. It must be shown that protest was made and that the fine was paid in order to avoid detention. Otherwise *the court must presume that she paid the fine because she believed that the judgment against her was valid and not because of duress by arrest. *Bailey* v. *Town of Pauline,* 69 Iowa, 463, 29 N. W. 418.

It is clearly evident that payment was voluntarily made in the instant case under a mistake of law. The only reasonable conclusion from the testimony of the appellee is that she paid the fine because she believed that the judgment was valid. Although she testified that she was under arrest when she made the payment, she did not testify that she paid the fine because of that fact. It has always been the practice to enforce the payment of a fine, when imposed as a punishment for crime, by a direction that the defendant stand committed until the fine be paid, but duress cannot be inferred from the fact that there are means of coercion which might have been employed. "The force of threat must have induced the payment." *Harrington* v. *City of New York,* 81 N. Y. Supplement, 669. This cannot be presumed by the court. The burden of proof is on the party claiming the right to recover.

It has long been the law in this state that money paid voluntarily cannot be recovered. *Beard & Holditch* v. *Tupelo,* 56 Miss. 532; *Town of Wesson* v. *Collins,* 18 So. 360.

In the case of *City of Vicksburg* v. *Butler,* 56 Miss. 72, the court asks the question: "When is a payment involuntary and compulsory, in the sense that it may be recovered back?" and after stating the law in several other states, answers itself in the following words: "If

the collector is clothed with authority under the law, at the time he demands the money from the tax-payer, to enforce payment by the arrest of the person or distress of property, and an illegal tax is paid to avoid the one or the other, and the payer brings to the notice of the collector, in any mode, that the tax is illegal, or that it is objected to for that reason, such payment is clearly a compulsory payment." This case was followed in the case of the *City of Jackson* v. *Newman,* 59 Miss. 385. We call special attention to the two conditions precedent to recovery as decided in the last two cases cited. The testimony of the appellee shows that she did not protest the payment of the fine as being excessive or illegal because she says that she did not know it to be such. It necessarily follows that she paid the fine because she believed the judgment valid. We admit that the two cases last cited involve the payment of taxes, but we contend that the principle of law decided in them should govern this case. Judge DILLON in his work on Municipal Corporations, at section 944, classes together fines and taxes voluntarily paid under a mistake of law. He says: "Money voluntarily paid to a corporation under a claim of right, without fraud or imposition, for an alleged tax, license, or fine, cannot, without statutory aid, there being no coercion, no ignorance or mistake of facts, but only ignorance or mistake of law, be recovered back from the corporation, either at law or in equity, even though such tax, license, fee, or fine could not have been legally demanded and enforced."

It is to be noted that in this case there is no element of fraud or imposition, for it is admitted that "the mayor when he imposed said fine did not know that he did not have authority to fine Ida Luckett an amount in excess of $100."

*Boddie & Farish,* for appellee.

Section 3348 of the Code of 1906 reads as follows: "3348. Penalties to be prescribed.—To pass all ordin-

ances and to enforce the same by fine not exceeding one hundred dollars, or imprisonment not exceeding thirty days, or both.''

The appellant insists that the appellee paid the $250 fine imposed on her ''voluntarily,'' and that therefore, she cannot recover it back. We submit that not one of the cases cited by appellant support its contention in this case, but on the contrary, all of them support our contention that the appellee is entitled to recover the $150 excess fine imposed on her, for the reason that payment was coerced by threats of sending her to the farm unless she paid it. In none of the Mississippi cases cited by appellant were any such threats made to induce payment. These cases are all cases where taxes were paid without protest or objection, and in none of them was the payer under arrest or their personal liberty threatened in any manner as was the appellee's in this case. In our opinion, the Iowa case cited by appellant reported in 29 Northwestern 418, is absolutely decisive of this question in favor of appellee. This was a case where one had been tried and convicted under a void town ordinance, the validity of the ordinance not being questioned at the trial. The fine was paid without objection or protest and an attempt was made to recover it back by suit. The court said it could not be recovered, for the reason that the record did not show that the arrest had anything to do with the payment, ''or that the defendant was constrained or influenced thereby to make it. It is not shown that because of the duress by the arrest the defendant made the payment. . . .'' Of course, had the record so shown, the case would have been reversed. In that case the fine was paid ''without protest,'' and the court said: ''A payment so made is regarded as voluntary; and in the absence of fraud, deceit, duress or mistake of fact, the money cannot be recovered back.''

We submit that the correct rule is, that where money is paid without objection or protest and without duress or coercion, the money cannot be recovered back; but where it is paid under duress, the payment is compulsory and not voluntary and can be recovered back, whether protest be made or not. We submit that the case of the *City of Vicksburg* v. *Butler,* 56 Miss. 73, cited by appellant is authority for our contention. Chief Justice SIMRALL in that case says:

"The question is, whether the defendants in error could recover the taxes paid to the collector of the city of Vicksburg. When is a payment involuntary and compulsory in the sense that it may be recovered back?" He then cites with approval, the case of *Wahaunee County* v. *Waller,* 8 Kan. 436, in which the rule was said to be: The payment must be made on an immediate and urgent necessity so to pay, as to release the person or property of the payer from detention, or to prevent an immediate seizure of the one or the other." Was not the payment made by the appellee, Ida Luckett, "on an immediate and urgent necessity, so as to release her person from detention," and to prevent her being sent to the farm on the four-forty train? It is idle to say that because she did not "protest," she paid the fine voluntarily! What good would it have done her, an ignorant negro woman, to "protest." If the mayor of the town of Belzoni did not know the law, how could this woman be held to a knowledge of it, so as to make a protest from her necessary. Here was an officer, clothed with authority to enforce his threat to send this woman to the farm unless she paid by the "four-forty train;" on the other hand, an ignorant negro woman, under arrest, with the fine and threat hanging over her. We say therefore, that the parties were not "upon an equality, neither having the advantage of the other." *Preston* v. *Boston,* 12 Pick. 7, cited by Judge SIMRALL in his opinion in 56 Miss. 73.

In the case of *Tuttle* v. *Everett,* 51 Miss. 27, Chief Justice PEYTON uses this language: " . . . The railroad is not entitled to it; it must therefore belong to him from whom it was illegally collected." We paraphrase the above language. The town of Belzoni is not entitled to the money in controversy, neither is the mayor of said town entitled to it; it must therefore belong to her from whom it was illegally collected, for certainly its collection was without authority of law, to the extent of the one hundred and fifty dollars sued for, and if to arrest a person, impose a fine in excess of legal authority, hold such person in durance and enforce payment by threat to send the prisoner to the farm unless paid, does not constitute compulsion, duress, coercion or force, then we confess our inability to conceive a state of facts or circumstances that would.

REED, J., delivered the opinion of the court.

Ida Luckett, a colored woman, was convicted in the mayor's court of the town of Belzoni on a charge of unlawful sale of intoxicating liquors in violation of an ordinance of the town, and fined two hundred and fifty dollars, which amount was paid by her. She brought this suit for one hundred and fifty dollars, claiming that the mayor was only authorized by law to impose a fine of one hundred dollars, and that she was entitled to recover from the town the excess. The full amount had been turned in to the treasury of the town.

By statute (section 3348 of the Code of 1906) a municipality is authorized "to pass all ordinances, and to enforce the same by fine not exceeding one hundred dollars, or imprisonment not exceeding thirty days, or both." The town of Belzoni claims that appellee should not recover, because the payment of the fine was voluntarily made under a mistake of law. The proof shows that after the fine had been imposed, and while she was in custody, she was told by the mayor

that she would be sent to the convict farm if she did not get the money and pay the fine by four-forty p. m. on that day. She thereupon sent for the money and paid the fine. It is a general rule that money paid by a party to liberate his person from illegal detention by an officer claiming the authority to detain him may be recovered back in an action for money had and received, on the ground that the payment was compulsory or by duress or extortion. Dillon's Municipal Corporations, vol. 4, par. 1619.

The case of *Merkee* v. *City* of *Rochester,* 13 Hun (N. Y.) 157, was an action to recover money alleged to have been wrongfully extorted from plaintiff for the benefit of the city by a police justice. In that case, as in this, the magistrate exceeded his jurisdiction. A penalty was imposed, and in default of payment the defendant was to be imprisoned. There was a choice of making the payment or going to jail. It was held that the facts presented a clear case of payment under duress. It was also held in the same case that the judgment was void, because it did not appear that the common council had made any direction for which those found guilty of violating ordinances should be imprisoned, and also because the charter of the city authorized an imprisonment in the county jail and not in the county penitentiary. In that case the judgment was for imprisonment in the penitentiary.

In the case at bar the magistrate imposed a punishment upon appellee which was not authorized by law. The judgment in this case is certainly void as to all of the fine imposed in excess of the amount authorized by the statute. It is only necessary for us to decide this in order to hold that there may be a recovery in this case; for we are clearly convinced that the payment was made by appellee under duress.

*Affirmed.*