Jimmy **HARPER**, et al., Plaintiffs,

v.

**FORREST COUNTY, MISSISSIPPI,**
**Defendant.**

Civ. A. No. 2:93cv103PS.

United States District Court,
S.D. Mississippi,
Hattiesburg Division.

July 29, 1994.

J. Andrew Phelps, J. Andrew Phelps, Atty., Hattiesburg, MS, for plaintiffs.

James K. Dukes, Law Office of James K. Dukes, Hattiesburg, MS, for defendant.

## MEMORANDUM OPINION AND ORDER

PICKERING, District Judge.

This matter is before the Court on the Defendant's Motion to Dismiss. The Court, having reviewed the motion, the response, the briefs of counsel, the authorities cited, and being otherwise fully advised in the premises, finds as follows, to-wit:

### FACTUAL BACKGROUND

In 1991, the Plaintiffs, Jimmy Harper, Kelly McFarland, and Missy Johnson, pled guilty to certain non-violent felony crimes. Rather than sentencing the Plaintiffs to a term of imprisonment, the Forrest County Circuit Court sentenced Plaintiffs to participate in the Forrest County Intensive Probation Program. This was a Probation Program established by Forrest County (hereinafter "the Program"). As a condition of participation in the Program, the Plaintiffs were required to pay a fifty-dollar monthly assessment for each month the Plaintiffs participated in the Program. Prior to the filing of this lawsuit, the Program was dissolved by Forrest County, Mississippi, and all the Plaintiffs were transferred from the Program to probation under the jurisdiction of the Mississippi Department of Corrections. On April 27, 1993, the Plaintiffs filed suit against the Defendant alleging Section 1983 violations of their constitutional rights as a result of being

sentenced by Forrest County Circuit Court to participate in the Program. The Plaintiffs specifically claim that the fifty-dollar monthly assessment imposed and collected by Forrest County, Mississippi, was an illegal and excessive fine in violation of the Eighth Amendment, and that the fine was taken without due process of law in violation of the Plaintiffs' Fourteenth Amendment rights.

The Plaintiffs filed a motion for class certification. On July 12, 1993, the Court entered an Order staying all discovery and other activity, including the Plaintiffs' Motion for Class Certification, until Defendant filed and the parties could brief and the Court could rule on a motion to dismiss.

## STANDARD OF REVIEW

■ Dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate if a party fails to state a claim under which relief can be granted. The allegations of the Complaint must be accepted as true when the Court considers whether the plaintiffs have stated a cause of action. *See Cramer v. Skinner*, 931 F.2d 1020 (5th Cir. 1991); *cert. denied* —— U.S. ——, 112 S.Ct. 298, 116 L.Ed.2d 242 (1991). Only the Complaint and the allegations contained therein are to be considered in reaching a decision on a defendant's Rule 12(b)(6) motion to dismiss. The Complaint should not be dismissed unless it appears beyond doubt that the Plaintiffs can prove no set of facts in support of his/her claims which would entitle him/her to relief.

## LEGAL ARGUMENTS

The Defendant argues that Plaintiffs have failed to state a cause of action under 42 U.S.C. § 1983. The Defendant contends that the Plaintiffs have not alleged any deprivations of any rights protected by the United States Constitution or any federal law. The Defendant argues that the Plaintiffs allege that they have been injured by the terms of probation orders as to which they voluntarily agreed. The Defendant argues that this does not rise to the level of a deprivation of constitutional rights. The Defendant also contends that the Plaintiffs have improperly brought this action as a civil rights action

under 42 U.S.C. § 1983 and that the Plaintiffs must instead bring their challenge in the form of a writ of habeas corpus with the requirement that the Plaintiffs exhaust their state remedies. The Defendant also contends that the Plaintiffs could have sought relief under the Mississippi Uniform Post–Conviction Collateral Relief Act.

The Plaintiffs contend that they are properly before the Court pursuant to 42 U.S.C. § 1983. More specifically, the Plaintiffs contend that since the Program was dissolved and disbanded prior to this lawsuit being filed, and all the Plaintiffs were transferred to the jurisdiction of the Mississippi Department of Corrections, a habeas corpus proceeding would not be the proper avenue to bring their suit. The Plaintiffs argue that they have stated a claim upon which relief can be granted. They allege that:

> ... Section 27–7–33 of the Mississippi Code of 1972, Annotated and Amended holds that "in placing any defendant on probation, the court, or judge, shall direct that such defendant be under the supervision of the Department of Corrections" by the defendant county setting up its own prison system without placing the offenders under the supervision of the Department of Corrections, the defendant county implemented a policy/practice of operating an illegal prison system without statutory authority.... That the fifty dollars and no one-hundredths ($50.00), per month, charge was in excess of the twenty dollars and no one-hundredths ($20.00) charge as authorized by Section 47–7–49 of the Mississippi Code of 1972, Annotated and Amended, which would have been paid to the Mississippi Department of Corrections ...

The Plaintiffs contend that the Program, and monthly assessment fee, which was allegedly unauthorized by statute, constituted an excessive fine in violation of the Eighth Amendment, and that the fine was a deprivation of property without due process of law in violation of the Fourteenth Amendment.

■ If the Plaintiffs state a cause of action, clearly it would be under Section 1983 rather than habeas corpus. The United

254

States Supreme Court in *Preiser v. Rodriguez,* 411 U.S. 475, 499, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973) distinguished the situations in which § 1983 applies and other situations as to which habeas corpus applies. The Court held that "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody...." The Court went on to say "in the case of a damages claim, habeas corpus is *not* an appropriate or available federal remedy." *Id.* at 494, 93 S.Ct. at 1838. *See also Wolff v. McDonnell,* 418 U.S. 539, 554, 94 S.Ct. 2963, 2973–74, 41 L.Ed.2d 935 (1974). (Emphasis in original)

Although not dispositive of this matter, the Court notes that even though this suit is against Forrest County, it was the Circuit Court of Forrest County, a part of the State Judiciary, that sentenced the Plaintiffs to participate in the Probation Program at issue. Plaintiffs do not allege that they were ever incarcerated for non-payment of the fifty dollar assessment in question or for any reason. Plaintiffs do allege that they are no longer under the supervision of this Program. The Program has been dissolved. The Plaintiffs are challenging the assessment of a fee they had to pay pursuant to a probation program which is no longer in existence. A part of the relief sought by the Plaintiffs is compensatory damages, including reimbursement of all funds received by the Defendant as a result of the fifty-dollar per month assessment. Further the Plaintiffs seek a temporary or permanent injunction preventing the Defendant from pursuing the policies, acts and practices complained of, and further for termination of the fifty-dollar per month assessment fee against the Plaintiffs. However, that issue is moot. The Plaintiffs in their Complaint acknowledge that the Program has been dissolved and no fees are now being collected.

■ The next question the Court must address is whether the Plaintiffs have stated a cause of action under Section 1983. In order to determine whether or not the Plaintiffs have stated a claim under Section 1983, the Court must first find state action, i.e., the Court must decide whether or not the Defen-

dant can be held liable under Section 1983 for the violations alleged by the Plaintiffs. The United States Supreme Court has held that a local governmental entity is a person for the purposes of Section 1983 liability. *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Therefore, if some policy, action or custom of a local governmental entity causes a constitutional deprivation, then such entity can be held liable. However, that conclusion does not finally resolve the issue.

"[N]either habeas or civil rights relief can be had absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Irving v. Thigpen,* 732 F.2d 1215, 1216 (5th Cir.1984). If the Plaintiffs fail to allege a deprivation of any rights secured to him or her by the United States Constitution or laws of the United States then the Plaintiffs fail to state a claim for civil rights relief against the Defendant. *Id.* The Court must decide whether the Plaintiffs have alleged sufficient facts to state a cause of action as to deprivation of a civil right, i.e., whether the plaintiffs have been deprived of a right secured by the Constitution or laws of the United States.

■ As to the Plaintiffs' Eighth Amendment claims that the monthly assessment paid amounted to an excessive fine, the Court finds that the Plaintiffs have not stated a cause of action upon which relief can be granted. Plaintiffs rely on the Mississippi case of *Town of Belzoni v. Luckett,* 109 Miss. 261, 68 So. 171 (1915). In that case the Mississippi Supreme Court held that a fine imposed in municipal court in excess of that authorized by state law was void and that the excessive amount could be recovered in state court from the municipality by the plaintiff on whom the excessive fine had been imposed. The Plaintiffs' reliance on Mississippi case law is misplaced. Federal law controls in determining deprivations under the Federal Constitution and laws of the United States. As recognized by the Fifth Circuit in *Irving v. Thigpen, supra,* the Plaintiffs must have been deprived of some *right secured to him*

*or her by the United States Constitution or the laws of the United States.*

The Plaintiffs have cited no federal authority to support the Plaintiffs' claims that the monthly fifty-dollar assessments (or fines) imposed upon the Plaintiffs under the facts of this case, or any similar fact situation, constitutes a federal constitutional deprivation. There is nothing under federal law per se that makes a monthly fifty-dollar fine excessive. Although, the Fifth Circuit has said that probation is not an "act-of-grace," it did hold that probation is an act of leniency. *See United States v. Tonry,* 605 F.2d 144, 148 (5th Cir.1979). None of the Plaintiffs were incarcerated because of their inability to pay their fine, i.e., no Plaintiff was ever deprived of his or her freedom for not paying the fine. Although the Plaintiffs now complain about having had to pay the fifty-dollars a month fine, the Plaintiffs paid their fines. They were not incarcerated to compel payment of the fines.

Lastly, the attorneys for the Plaintiffs at the time of the Plaintiffs' sentencings could have asked or requested regular probation or could have brought the court's attention to the fact that imposing the fines was without statutory authority. There is no allegation that Plaintiffs' counsel in state court objected to the circuit court placing their Plaintiffs under this Intensive Probation Program. Some of the attorneys in the state court criminal proceeding now file affidavits in support of Plaintiffs' present action before this Court. If the action of Forrest County in setting up this Program was as egregious as Plaintiffs now allege, and as some of their state court attorneys now seek to help them establish, then these attorneys did not discharge their obligations to Plaintiffs. This case has all of the earmarks of a case that is more about attorneys' fees than constitutional rights.

The Court holds that the Plaintiffs have failed to state excessive fine claims under section 1983. Accordingly, the Plaintiffs' excessive fine claims under section 1983 should be and the same are hereby dismissed with prejudice.

■ As to the Plaintiffs' Fourteenth Amendment due process claims, the Court likewise finds that the Plaintiffs have not stated a cause of action upon which relief can be granted. The Fifth Circuit considered an analogous situation in *Clark v. Prichard,* 812 F.2d 991, 993–94 (5th Cir.1987). In that case the court said "we confront the contention by Barbara Clark that her constitutional rights were violated by a condition of her probation that required her to stay off welfare by getting and keeping a job." *Id.* at 992. The state trial court judge testified that this did not reflect a policy that a probationer could not apply for and receive public assistance, but rather that it meant that one on probation would have to apply to the court for a modification of probation conditions so that he could review each case according to the particular facts of that case. The plaintiff in *Clark* applied for welfare contrary to the terms of her probation. When this was called to her attention by the probation officer, before a petition was filed to revoke her probation, she immediately filed federal action seeking to enjoin that condition of her probation. The Fifth Circuit held:

> The district court perceived the real issue to be whether it was constitutional to require a probationer to request a hearing for the modification of probation when the probationer suffers hardship after expressly agreeing to the condition. Relying on *Bearden v. Georgia,* 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), the court concluded that the state's provision of a hearing for modification of the terms of probation satisfied constitutional requirements.

*Id.* at 993. The Fifth Circuit concluded that since the plaintiff was provided "an opportunity for the probationer to seek modification of probation conditions as opposed to automatic revocation of probation for failure to comply with a condition," that the State of Mississippi had met constitutional due process and that the plaintiff did not have a cause of action for deprivation of federal rights. *Id.* at 994. The Court found that "such procedures safeguard ... [the petitioner's] due process rights." *Id.* at 994. Due process is implicated when there is no such procedures. Applying *Clark* to the case at hand, not only could Plaintiffs have objected to the terms of their probation at the time of

sentencing, but they could have filed motions to modify their probation to protect their legal rights. Further, the Plaintiffs could have filed for post-trial relief under Miss. Code Ann. § 99–39–1 which also safeguards the Plaintiffs' rights. The *Town of Belzoni* case, *supra*, relied upon by Plaintiffs, clearly indicates that the Mississippi courts will protect defendants from fines and conditions that exceed Mississippi statutory authority. With such protection in place, there is no implication of a federal due process claim.

Based upon the above, the Court holds that the Plaintiffs have failed to state due process claims under Section 1983. Accordingly, the Plaintiffs' due process claims under Section 1983 should be and the same are hereby dismissed with prejudice.

■ The only remaining claims are the state law claims over which this Court may only exercise pendent jurisdiction. "It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's rights." *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218, 228 (1966). The exercise of pendent jurisdiction should be viewed consistent with considerations of judicial economy, convenience and fairness to the litigants. *See Laird v. Board of Trustees of Institutions of Higher Learning of State of Miss.,* 721 F.2d 529 (5th Cir.1983). However, where the "federal claims are dismissed before trial, ... the state claims should be dismissed as well." *Gibbs,* 383 U.S. at 726, 86 S.Ct. at 1139. All federal claims asserted in this action have been dismissed.

The Court finds that the interests of justice require that it decline to exercise its pendent jurisdiction over the remaining possible state law claims, and that the remainder of this matter should be dismissed in its entirety, without prejudice, and It Is So Ordered. The Court expresses no opinion as to validity of Plaintiffs' possible state law claims.

A judgment pursuant to Fed.R.Civ.P. 58 will be entered accordingly.

SO ORDERED AND ADJUDGED.