UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 92-3922
Summary Calendar
_____


LEWIS E. JOHNSON,

                                        Plaintiff-Appellant,

                        versus

DALE ATKINS, Clerk
of Court, Orleans Parish
Civil District Court,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
CA 92 2460 F
_____
July 14, 1993

Before GARWOOD, JONES, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

        Proceeding pro se, Lewis E. Johnson filed a 42 U.S.C.
§ 1983 action against Dale Atkins, Clerk of Civil District Court
for Orleans Parish, Louisiana, alleging that his constitutional
rights were violated because he was required to pay unreasonable
fees, totalling $600, in order to file suit and request a jury

_____

        *        Local Rule 47.5 provides:  "The publication of opinions that have no
precedential value and merely decide particular cases on the basis of well-
settled principles of law imposes needless expense on the public and burdens on
the legal profession."  Pursuant to that Rule, the Court has determined that this
opinion should not be published.

trial and because he was not reimbursed when his trial was removed to federal district court. Johnson alleges that Atkins was engaged in a conspiracy to deny him and others access to the courts. He sought a return of the "balance of his deposit" and $50,000 in punitive damages. The district court dismissed with prejudice. We find no error and affirm.

Atkins moved to dismiss on the grounds that the district court did not have subject matter jurisdiction and that Johnson failed to state a cause of action in his complaint. According to Atkins, the court's filing price structure was adopted by the judges of the civil district court en banc as an amendment to Local Rule 5 under La. Rev. Stat. Ann. § 13:1213.1 (West 1983). Atkins explained that the Orleans Parish civil district court was the only district court in the state to operate under a single fee filing system. Instead of requiring a deposit that would be used up as new services were provided or refunded if funds were left over, Orleans Parish charged one fee up front that anticipated the entire costs involved for the suit depending upon such factors as the type of action, the status of the litigant, and the number of parties involved. Atkins stated that the price schedule applied "equally to all litigants," that the schedule is prominently displayed and available to the filing party, and that it is advertised as non-refundable.

Under the schedule in effect at the time Johnson filed his action he paid $200 to file his original petition, $15 for each of the ten defendants named after the fifth defendant, and $250 for

requesting a jury trial.  Citing Pagoulato v. Real Value Food Stores, 572 So. 2d 1201, 1203-04 (La. App. 4 Cir. 1990), cert. denied, 576 So. 2d 48 (La. 1991), Atkins argued that the court's implementation of a system of filing costs pursuant to § 13:1213.1 was a valid exercise of power conferred upon the court by the legislature under the state constitution.

The motions in the case were "set for hearing" without oral argument on September 30, 1992.  The district court granted Atkins's motion to dismiss on that day and refused to change his mind on reconsideration .  The case was dismissed with prejudice.

Johnson argues that the fees established by the Civil District Court of Orleans Parish are unconstitutional because they are excessive and non-refundable.  Johnson also asserts for the first time that the legislation that authorizes the Civil District Court judges in Orleans Parish to establish filing fees is an unconstitutional delegation of legislative authority and violates his rights to equal protection of the laws.

A pro se complaint is to be construed liberally with all well-pleaded allegations taken as true. Brinkmann v. Johnston, 793 F.2d 111, 112 (5th Cir. 1986).  Even a liberally construed pro se civil rights complaint, however, must set forth facts giving rise to a claim on which relief may be granted.  Levitt v. University of Texas at El Paso, 847 F.2d 221, 224 (5th Cir.), cert. denied, 488 U.S. 984 (1988).  It is clear from the face of Johnson's complaint and his opposition motion that he has failed to state a claim upon which relief can be granted.

3

"Meaningful access to the courts is a fundamental constitutional right, grounded in the First Amendment right to petition and the Fifth and Fourteenth Amendment due process clauses." Chrissy F. v. Mississippi Dept. of Public Welfare, 925 F.2d 844, 851 (5th Cir. 1991) (footnotes omitted). The issue is whether the fee schedule or refusal to refund fees constitutes an impermissible interference with Johnson's meaningful access to the courts.

In Louisiana, an individual who cannot afford the costs of going to court because of poverty may prosecute an action "in any trial or appellate court without paying the costs in advance, or as they accrue or furnishing security therefor." La. Code Civ. Proc. Ann. art. 5181 (West Supp. 1992); see La. Rev. Stat. Ann. § 13:1279 (West 1983). Johnson made no claim that he was indigent or that he could not afford court costs pursuant to art. 5181. Thus he was not denied access to the courts by fees that were too high, because he was able to supply the necessary funds.[1]

Filing fees are necessary to pay the administrative costs of litigation and, in part, to discourage baseless suits. Under both Louisiana and federal law an individual can recoup the cost of prosecuting or defending an action if allowed by law and ordered by the court. La. Rev. Stat. Ann. § 13:1214 (West 1983); Fed. R. Civ. P. 54(d) (West 1993). The record does not suggest that an allowance of costs against the defendants was proper in Johnson's

---

[1] Johnson's expenses would have been significantly lower had he not requested a jury trial or had he sued fewer than 15 defendants.

4

state case, however.   In sum, the fee schedule in the Orleans Parish Civil District Court did not interfere with Johnson's first amendment right of access to the courts.

Finally, even construing Johnson's complaint liberally it is difficult to imagine how the fee schedule under consideration could amount to a constitutional violation under either an equal protection or separation of powers theory.  It is difficult to see how the fees paid by Johnson were "unequal," because they were determined by a schedule applicable to all litigants.  Further, it is not this court's role to say that the fees were "unequal" because Johnson thinks they were "unfair."   Finally, the "separation of powers" argument is in this case a matter of state, not federal law, which is not within our ken.

For these reasons, the judgment of the district court is AFFIRMED.