IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40944
Summary Calendar

_____

DEBORAH L. BRITTAIN,

Plaintiff - Appellant,

versus

TRANE AMERICAN STANDARD,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No.:  6:01-CV-540

_____

January 17, 2003

Before JOLLY, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

Deborah L. Brittain appeals the dismissal of her action against her employer, Trane American Standard.  We AFFIRM.

I

Brittain was employed by Trane.  After being absent from work since October 1999, Brittain was discharged by Trane on May 5, 2000.

Brittain, proceeding pro se, filed her complaint using a form provided by the United States District Court for the Eastern District of Texas entitled "Complaint Under Title VII of the Civil

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rights Act of 1964." Paragraph 8 of the complaint form contains blanks labeled "race," "color," "sex," "religion," and "national origin," for the plaintiff's use in indicating the basis of the alleged discrimination. It also contains blanks for the plaintiff to indicate the adverse employment action taken by the employer. Brittain checked the blank beside "terminated plaintiff's employment," but did not check any of the blanks for race, color, sex, religion, or national origin. Paragraph 9 of the form complaint provides space for the plaintiff to describe the circumstances of the alleged discrimination. Brittain's allegations of discrimination consisted of the following:

> Invasion of Privacy Act. Taking Information from Computer Manually Cutting off Benefits Before Time was up. Not offering FMLA time. Breaking Department of Labor Laws. Not excepting Letter of explaination from Dr. and a release form. Also Not taking An Unknown date of return on a 44 wk. (S&A) Sickness and Accident Benifits[.]

Paragraph 11 of the form complaint states that the charges filed with the Equal Employment Opportunity Commission "are submitted as a brief statement of the facts supporting this complaint." Included among the documents attached to the complaint was a copy of Brittain's EEOC charge, in which she stated that she "was terminated on May 5, 2000, due to my disability" and that she believed she had "been discriminated against because of disability in violation of the American with Disabilities Act of 1990, as ameneded [sic]."

2

Also attached to the complaint was Brittain's application for a leave of absence under the Family and Medical Leave Act. In that application, Brittain stated that her disability began December 23, 1999. The portion of the form completed by her health care provider stated her diagnosis as "recurrent sinusitis and bronchitis" and stated further that the date she could return to work was unknown.

Also attached to the complaint was a copy of a letter dated July 12, 2000 (over two months after Brittain's discharge) from Brittain's physician to Trane's Personnel Department. In that letter, Brittain's physician stated that Brittain "had been chronically ill with a hysterectomy in October of [19]99, followed by persistent chronic sinusitis, very slow to resolve through March of 2000," that she had suffered from urinary incontinence on an ongoing basis. He stated further that the primary reason for Brittain's absence from work from March through June 2000 was psychiatric, as she suffered from anxiety and depression. In addition, Brittain attached to the complaint a copy of a letter written by her psychiatrist on June 11, 2001. The psychiatrist stated in that letter that he had been treating Brittain since December 27, 2000 for depressive disorder and post-traumatic stress disorder.

Trane moved to dismiss the complaint for failure to state a claim upon which relief could be granted, pursuant to Federal Rule

3

of Civil Procedure 12(b)(6) or, alternatively, for a more definite statement. On February 5, 2002, the district court ordered Brittain to file, within twenty days, an amended complaint stating a cause of action, and to notify the court of the reason she failed to timely file suit. The court warned Brittain that failure to comply with either of those orders would result in the dismissal of her action. In response, Brittain filed a handwritten document entitled "Amended Complaint," in which she stated:

> In Response to your letter asking for Amended Complaint to Civil Action No. 6:01CV540. Complaint is Title VII the Americans with disabilities Act. By my calculations your honor the Right to sue letter was sent on Aug. 23, 2001 So from that day it was to be filed by Nov. 27, 2001. I filed on Nov. 20, 2001 at 3:53 P.M. that was in the 90 day period of filing the Civil Action Against Trane American Standard. I have filed the Alleged Title VII Act of a disability in this Civil Action to the best of my knowledge in a appropriate time frame. I have sent the letters and the Dismissal Notice of Rights in With All the other things that was filed on Nov. 20, 2001[.]

A copy of Brittain's original complaint, including the attachments, was attached to Brittain's "Amended Complaint."

In an order entered on May 16, 2002, the district court noted that Brittain's letter adequately addressed the issue of the timeliness of her suit, but that her letter "wholly fails to comply with the court's order that she file an amended complaint stating a cause of action." Accordingly, the district court dismissed

4

Brittain's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Brittain filed a timely notice of appeal.

## II

On appeal, Brittain is represented by counsel.  Relying on the EEOC charge attached to her original complaint, Brittain argues that her original complaint stated a claim under the Americans with Disabilities Act.  She also argues that she complied with the district court's order to file an amended complaint.  Finally, Brittain argues that, because she was proceeding pro se in the district court, her complaint should have been construed liberally.

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (internal quotation marks and citation omitted).  A complaint should not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim that would entitle [her] to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  "In analyzing the complaint, we will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 2002 WL 31600862, at *4 (5th Cir. Dec.

5

9, 2002) (internal quotation marks and citation omitted). "We will not, however, accept as true conclusory allegations or unwarranted deductions of fact." Id. (internal quotation marks and citations omitted); see also ABC Arbitrage Plaintiffs Group v. Tchuruk, 291 F.3d 336, 348 (5th Cir. 2002) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent dismissal under Rule 12(b)(6)."). Although we construe pro se complaints liberally, such complaints nevertheless "must set forth facts giving rise to a claim on which relief may be granted." Johnson v. Atkins, 999 F.2d 99, 100 (5th Cir. 1993).

Brittain's original complaint did not comply with the simple requirements of Rule 8(a), because it failed to give Trane fair notice of her claims and the grounds upon which they rest. See Sorema, 534 U.S. at 514. Brittain's complaint includes references to Title VII, the "Invasion of Privacy Act," "Department of Labor Laws," and the "FMLA" (Family Medical Leave Act). In addition, it contains vague allegations regarding the denial of sickness and accident benefits. The EEOC charge attached to the complaint contains only conclusory allegations that Trane terminated Brittain's employment in violation of the Americans with Disabilities Act. Other attachments to the complaint seem to allege violations of the Family Medical Leave Act. It is unclear what Brittain is attempting to allege in her vague references to "Taking Information from Computer Manually," "Cutting off Benefits

6

Before Time was up," "Not excepting Letter of explaination from Dr. and a release form," and "Not taking An Unknown date of return on a 44 wk. (S&A) Sickness and Accident Benifits[.]" In contrast, the plaintiff in Sorema alleged that he was discharged because of his national origin in violation of Title VII and because of his age in violation of the Age Discrimination in Employment Act. 534 U.S. at 514. In addition, "[h]is complaint detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination." Id.

Despite the district court's warning to Brittain that her complaint would be dismissed unless she filed an amended complaint stating a cause of action, she merely attached a copy of her original complaint to a handwritten letter to the district court entitled "Amended Complaint." Neither the original complaint nor Brittain's letter to the district court contain coherent allegations giving Trane fair notice of the basis for her claims.

Brittain does not contend that the district court should have allowed her another opportunity to amend her complaint prior to dismissing it with prejudice. In any event, although Brittain is represented by counsel on appeal, her appellate brief contains no indication that she could prove any set of facts in support of her claim that would entitle her to relief, even if she were given another opportunity to amend her complaint.

Under these circumstances, we conclude that the district court did not commit reversible error in dismissing Brittain's complaint for failure to state a claim upon which relief could be granted. The judgment of the district court is, therefore,

A F F I R M E D.