United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 7, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-21124
Summary Calendar

_____

CARLOS CRIOLLO,

Plaintiff-Appellant,

versus

MICHAEL A. WILSON; MICHAEL HALL; JERRY E. JACKSON; J. THOMAS;
G. TOWNSEND; P. MILLER; HARDY, Sergeant,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CV-2419
--------------------

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Carlos Criollo, TDCJ # 412608, appeals the district court's summary-judgment dismissal of his *pro se* civil rights complaint wherein he alleged that he was exposed to dangerous working conditions and was denied adequate medical care for an injured elbow. This court reviews a court's decision to grant or deny a motion for summary judgment de novo. Huckabay v. Moore, 142 F.3d 233, 238 (5th Cir. 1998). Summary judgment is proper if the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc).

Criollo argues that his claims against the defendants in their official capacities were not barred by the Eleventh Amendment. In order to prevail in an official-capacity action, a plaintiff generally must that a policy or custom of the governmental entity played a part in the violation of federal law. Kentucky v. Graham, 473 U.S. 159, 166 (1985). The entity itself must have been a "moving force" behind the deprivation. See id. Criollo does not assert that a policy or custom was the moving force behind the deprivation, but rather that the individual defendants' failure to follow prison policies led to the deprivation. Thus, his claim is defeated by his own assertions.

Criollo next argues that the district court erred in granting summary judgment on his working-conditions claim. He argues that there was a genuine issue of material fact with respect to the severity of the weather which precluded the court from finding a lack of deliberate indifference on the part of the defendants. The district court addressed the severity of the weather only with respect to Criollo's claims for declaratory and

injunctive relief.  Because Criollo has been released from confinement at the Wynn Unit, we affirm the grant of summary judgment on the ground that those claims are moot.  See Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001); see also Chriceol v. Phillips, 169 F.3d 313, 315 (5th Cir. 1999)(this court is not bound by the reasons articulated by the district court for granting summary judgment and may affirm the judgment on other grounds).

Criollo argues that the district court also erred in dismissing his claims for emotional and mental distress pursuant to 42 U.S.C. § 1997(e), which requires a physical injury before a prisoner can recover for psychological damages.  See Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999).  Although Criollo's allegation of an elbow injury might have supported an excessive-force claim, see, e.g., Gomez v. Chandler, 163 F.3d 921, 924 (5th Cir. 1999), it is insufficiently connected to the working-conditions claim to meet the requirements of § 1997(e).  Finally, Criollo argues that he alleged the excessive use of force.  "A pro se complaint is to be construed liberally with all well-pleaded allegations taken as true."  Johnson v. Atkins, 999 F.2d 99, 100 (5th Cir. 1993).  However, even construing Criollo's complaint and his more definite statement liberally, Criollo did not originally attempt to bring a use-of-force claim.  Nor did the district court abuse its discretion by failing to grant a motion to amend the complaint to bring such a claim.  It is not

an abuse of discretion for a district court to deny leave to amend when the litigant's "attempt to broaden the issues would likely require additional discovery and another motion for summary judgment, which would unduly prejudice the defendants and raise concerns about seriatim presentation of facts and issues." Parish v. Frazier, 195 F.3d 761, 764 (5th Cir. 1999).

Criollo has not shown that the district court erred in granting the defendants' motion for summary judgment. Accordingly, the judgment of the district court is AFFIRMED.