**Lester L. WASHINGTON,**
**Plaintiff–Appellant**

v.

NATIONAL EDUCATION ASSOCIATION, NEA; Reggie Weaver, Past President; Louisiana Association of Educators, LAE; Carol Davis, Past President of LAE; East Baton Rouge Parish Association of Educators Board Of Directors (EBRPAE) of 2001–2003; Susie Rivet, Past President of East Baton Rouge Parish Association of Educators and East Baton Rouge Parish School System Teacher; Anita Haywood, Board Member of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

East Baton Rouge Parish Association of Educators and East Baton Rouge Parish School System Teacher; Ventress Cofer, Board Member of East Baton Rouge Parish Association of Educators and East Baton Rouge Parish School System Teacher; Vera Ellois, Board Member of East Baton Rouge Parish Association of Educators and East Baton Rouge Parish School System Teacher; Louise Smith, Board Member of East Baton Rouge Parish Association of Educators and East Baton Rouge Parish School System Teacher; Fran Schrutz, Board Member of East Baton Rouge Parish Association of Educators and East Baton Rouge Parish School System Teacher; Ernie Blanson, Board Member of East Baton Rouge Parish Association of Educators and East Baton Rouge Parish School System Teacher; Chris Blanchard, Board Member of East Baton Rouge Parish Association of Educators and East Baton Rouge Parish School System Teacher; Jeff Travasos, Board Member of East Baton Rouge Parish Association of Educators and East Baton Rouge Parish School System Teacher; Bernadine McFadden, Board Member of East Baton Rouge Parish Association of Educators and East Baton Rouge Parish School System Teacher, Defendants–Appellees.

No. 11–31196

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 27, 2012.

Lester L. Washington, Fort Collins, CO, pro se.

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Lester L. Washington filed the instant civil suit against the National Education Association (NEA); the Louisiana Association of Educators (LAE); the Board of Directors of the East Baton Rouge Parish Association of Educators (EBRPAE); and numerous individuals associated with the NEA, LAE, or EBRPAE. With the benefit of liberal construction, the allegations in his amended complaint included claims of breach of contracts of the East Baton Rouge Parish School System, EBRPAE, LAE, and NEA; discrimination in violation of Titles VI and VII of the Civil Rights Act of 1964; violation of the Age Discrimination in Employment Act of 1967; violation of Louisiana employment law; libel, slander, and defamation of Washington; negligence and dereliction in the performance of the defendants' duties; violation of Title IX of the Education Amendments of 1972; violation of federal and state hate crime laws; violation of his due process rights under the Fifth Amendment; violation of his due process and equal protection rights under the Fourteenth Amendment; violation of the Americans with Disabilities Act, Individuals with Disabilities Education Act, and other federal disability laws; violation of the False Claims Act; insurance and financial fraud; violation of the Health Insurance Portability and Accountability Act of 1996

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

438

and other confidentiality laws and policies; and violation of the Corporate and Criminal Fraud Accountability Act of Title VIII of the Sarbanes Oxley Act.

Before the court is Washington's motion for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his suit as frivolous pursuant to 28 U.S.C. § 1915(e). He alternatively moves for an extension of time to pay the appellate filing fee. By moving for leave to proceed IFP, Washington is challenging the district court's certification that this appeal was not taken in good faith. *See Baugh v. Taylor,* 117 F.3d 197, 202 (5th Cir.1997).

Washington asserts in conclusory fashion that the district court engaged in misconduct and obstruction of justice in dismissing his case and that his allegations succeeded in stating claims upon which relief may be granted. Although pro se filings are liberally construed, pro se litigants still must adequately brief their arguments and are not permitted to make baseless attacks against the judiciary. *See Yohey v. Collins,* 985 F.2d 222, 225 (5th Cir.1993); *Theriault v. Silber,* 579 F.2d 302, 303 (5th Cir.1978). Washington's assertions that his claims were not frivolous and that the district court engaged in judicial misconduct are conclusory and insufficient to demonstrate that a nonfrivolous issue exists for appeal. Washington's pro se complaint was required to "set forth facts giving rise to a claim on which relief may be granted," and he has not shown that it did so. *Johnson v. Atkins,* 999 F.2d 99, 100 (5th Cir.1993).

Because Washington has not shown that the district court's certification was incorrect, his motion for leave to proceed IFP is denied. *See Howard v. King,* 707 F.2d 215, 219–20 (5th Cir.1983). The instant appeal is without arguable merit and is dismissed as frivolous. *See Baugh,* 117 F.3d

at 202 n. 24; *Howard,* 707 F.2d at 219–20; 5TH CIR. R. 42.2. Washington's alternative motion for an extension of time to pay the appellate filing fee is denied.

Washington is cautioned that frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any other court subject to this court's jurisdiction. Washington is further cautioned that, in order to avoid the imposition of sanctions, he should review any pending appeals and actions and move to dismiss any that are frivolous.

MOTIONS DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.