# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30764
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 14, 2014

Lyle W. Cayce
Clerk

MARSHALL REEDOM, JR.,

Plaintiff–Appellant,

v.

LOUIS ACKAL; FARRELL BONIN,

Defendants–Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:12-CV-2037

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Plaintiff–Appellant Marshall Reedom appeals the district court's dismissal of his complaint without prejudice for lack of standing.  We affirm.

Reedom's pro se complaint alleges that Louis M. Ackal, the sheriff of Iberia Parish, the Iberia Sherriff's Department, and Farrell Bonin, an employee of the department, violated state, federal, and constitutional

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30764

provisions by improperly investigating an accident involving his brother. For these violations, Reedom claims damages of $20 million. The district court adopted the report and recommendation of the magistrate judge, which dismissed Reedom's complaint on the ground that he "has not established that he has personally sustained an injury caused by the defendants, since his claims relate solely to alleged injuries to his brother."

We review questions of standing de novo, applying the same standard as the district court.[1] Under that standard, "the party bringing the suit must establish standing to prosecute the action."[2] "Constitutional standing requires that the plaintiff personally suffered some actual or threatened injury that can be fairly traced to the challenged action and is redressable by the courts."[3] In addition to these minimum requirements, "certain court-created requirements for standing exist, ones arising from judicial prudence and not from the constitution."[4] One such requirement is that plaintiffs "assert their own legal rights and not those of others."[5]

On appeal Reedom discusses neither why he has standing nor the reasons the district court erred in concluding that he lacked standing. He instead provides a discussion of the Due Process Clause and the text of a Supreme Court case that addressed the pleading requirements under the Federal Rules of Civil Procedure.[6]

---

[1] *Nat'l Rifle Ass'n of Am., Inc. v. McCraw*, 719 F.3d 338, 343 (5th Cir. 2013).

[2] *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004).

[3] *Doe v. Tangipahoa Parish Sch. Bd.*, 494 F.3d 494, 496 (5th Cir. 2007) (en banc).

[4] *Serv. Emps. Int'l Union, Local 5 v. City of Hous.*, 595 F.3d 588, 597-98 (5th Cir. 2010).

[5] *Id.* at 598.

[6] Reedom's brief consists almost exclusively of an essay on due process by Peter Strauss, Peter Strauss, *Due Process*, LEGAL INFO. INST., http://www.law.cornell.edu/wex/due_process (last visited Jan. 13, 2013), and the text of *Conley v. Gibson*, 355 U.S. 41 (1957).

No. 13-30764

We agree with the district court that Reedom has failed to establish that he suffered some personal injury as a result of the defendants' actions. Reedom's complaint alleges only that the actions of the defendants caused his brother harm.  He does not allege that he personally suffered any injury.  Read liberally,[7] Reedom's complaint may also be understood to allege that all African-Americans in Iberia Parish have been injured by the defendants' conduct.  This does not establish standing, however, since Reedom does not claim that he is a resident of Iberia, or even Louisiana.[8]  The record indicates rather that Reedom resides in Fort Worth, Texas.

Because Reedom has thus failed to establish that he has suffered any personal injury, we AFFIRM.

---

[7] *See Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).

[8] *See Allen v. Wright*, 468 U.S. 737, 755 (1984).