# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60327

United States Court of Appeals
Fifth Circuit

**FILED**

January 19, 2018

Lyle W. Cayce
Clerk

MERLIN DANCEY HILL,

      Plaintiff–Appellant,

v.

MICHAEL WALKER, Case Manager at East Mississippi Correctional
Facility; J. BUSCHER, Warden at East Mississippi Correctional Facility; D.
SMITH, Major at East Mississippi Correctional Facility; O. LITTLE, Medical
Director at East Mississippi Correctional Facility; MANAGEMENT AND
TRAINING CORPORATION (MTC), private company that operates East
Mississippi Correctional Facility; PELICIA HALL, COMMISSIONER,
MISSISSIPPI DEPARTMENT OF CORRECTIONS,

      Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:14-CV-62

Before STEWART, Chief Judge, and JOLLY and OWEN, Circuit Judges.

PER CURIAM:*

Merlin Dancey Hill brought suit under 42 U.S.C. § 1983, and the district
court rendered judgment dismissing the suit. We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 15-60327

# I

The district court dismissed Hill's § 1983 claims for failure to state a cognizable claim.  Hill alleges the following facts, which, at the motion to dismiss stage, we assume to be true.[1]  Hill is a United States Air Force veteran serving a life sentence at the East Mississippi Correctional Facility (EMCF).  In 2011, Hill filed from prison a request for disability benefits with the Department of Veterans Affairs (VA).  Hill's application claimed that he has five medical conditions caused by his service in the military, including severe headaches, hearing loss from working in proximity to jet engines, and paranoid schizoaffective disorder from an alleged sexual assault by a superior officer.

In order to evaluate these disability claims fully, the Jackson VA Medical Center was to schedule an examination of Hill at its facility.  The VA informed Hill that "[w]hen a claimant, without good cause, fails to report for an examination or reexamination, the claim shall be rated based on the evidence of record, or even denied."  A contractor that operated EMCF scheduled Hill's appointments with the VA, and Hill filed a request for transportation to the VA Medical Center with the warden, the case manager, and the medical department.  The case manager called the VA and informed it that Hill would not be transported for his scheduled appointments.  After this cancellation, Hill learned that under MDOC policy 25-11-E, only medical personnel are authorized to control the scheduling of inmate medical appointments.

Hill wrote the VA requesting that it reschedule his appointments with the medical department of Management and Training Corporation (MTC), a new private contractor that had recently begun operating EMCF.  Unbeknownst to Hill, an MTC policy created by Medical Director Ollie Little gave case managers, not medical staff, the power to decide if prisoners would

---

[1] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

be transported to medical examinations. In accordance with this policy, when the VA contacted MTC they were referred to Hill's new case manager, Marcell Walker. Walker informed the VA that Hill would not be transported to any examinations.

Tina Naylor, a mental health counselor at EMCF, told Hill that MTC's policy violated MDOC policy 25-11-E. It also differed from the policy of the previous EMCF contractor, which transported inmates to the VA Medical Center weekly. Because Hill was not allowed to go to the VA Medical Center, he asked Warden Jerry Buscher if a VA physician could examine him at EMCF. The VA sends physicians to other Mississippi prisons, but Buscher rejected this request.

Soon after Walker spoke with the VA, Hill received a Rating Decision from the VA denying all five service-related disability claims. The denials for severe headaches, loss of hearing, and paranoid schizoaffective disorder were based on a lack of corroborating medical evidence that could have been provided at a medical examination. The VA denial letter confirmed that no examination occurred because it "received notification that [Hill's] facility would be unable to transport [him] to the examination." Additionally, for the denial of benefits related to paranoid schizoaffective disorder, the VA identified circumstantial evidence that Hill may have had "an in-service military sexual trauma-related stressor." However, without an examination of Hill this evidence was insufficient to confirm a diagnosis or a link between current symptoms and the reported sexual assault.

Hill filed a grievance through the MDOC Administrative Remedy Program (ARP) to challenge EMCF's refusal to transport him to his examination. Relief was denied at the first step by Major Derek Smith because Hill did not have approval by court order and the MDOC to be transported to another facility. Hill appealed and Warden Buscher denied relief for the same

reason. Having exhausted his administrative remedies, Hill then initiated the instant suit.

Hill filed a § 1983 civil rights complaint against Walker, Buscher, Smith, and Little—all employees at EMCF—as well as MTC, the MDOC, and the Commissioner of MDOC who was originally Christopher Epps but is now Pelicia Hall (collectively, Appellees). Hill's § 1983 claim alleged violations of his First Amendment right to petition the government for a redress of grievances, his Fifth, Eighth, and Fourteenth Amendment rights, Mississippi Code § 47-3-3, and MDOC Policy 25-11-E. Hill further alleged that Smith and Buscher failed to investigate these grievances properly through the ARP.

Hill was granted permission to proceed in forma pauperis (IFP). Appellees then filed answers and alleged that Hill's complaint should be dismissed for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Pursuant to *Spears v. McCotter*,[2] the magistrate judge held an omnibus hearing to define the issues to be litigated and determine if dismissal was appropriate.

At the *Spears* hearing, Hill clarified the reason each party was sued, the facts underlying his claim, and the extent of the alleged damages. Two months later the magistrate judge, with consent from the parties to issue a final decision, dismissed all claims with prejudice. The magistrate judge held that Hill's disability-benefits application to the VA was not a petition for redress of grievances, and made a secondary conclusion that even if it was a petition, the defendants did not interfere with Hill's VA correspondence. The magistrate judge also determined there was no cognizable violation of the Fifth, Eighth, or Fourteenth Amendment, that alleged violations of Mississippi Code § 47-3-

---

[2] 766 F.2d 179 (5th Cir. 1985), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).

No. 15-60327

3 and MDOC policy 25-11-E were not cognizable under § 1983, and that the ARP process does not implicate a federally protected liberty interest. Hill appealed.

## II

Section 1983 is not a general tort remedy available to "all who suffer injury at the hands of the state or its officers."[3] A § 1983 plaintiff must show that "he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States."[4] Failure to state a cognizable claim requires dismissal of IFP claims under 28 U.S.C. § 1915(e)(2)(B)(ii).[5] "This court reviews dismissals based on section 1915(e)(2)(B)(ii) under the same de novo standard of review applicable to dismissals made pursuant to Federal Rule of Civil Procedure 12(b)(6)."[6]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7] The complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[8]

---

[3] *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. Nov. 1981).

[4] *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984) (per curiam).

[5] 28 U.S.C. § 1915(e)(2)(B)(ii).

[6] *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (per curiam).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (citation omitted).

[8] *Twombly*, 550 U.S. at 555.

No. 15-60327

## III

The first issue on appeal is whether Appellees' refusal to transport Hill to the VA Medical Center violated Hill's constitutional right to access the courts. Hill's § 1983 complaint primarily characterizes these actions as a violation of his First Amendment right to access the courts guaranteed by the Petition Clause. However, Hill relies on cases that analyze access to courts from a due process perspective and pertain to criminal appeals and habeas petitions.[9] This court will assume that Hill also challenged his denial of access to the VA as a violation of his due process rights under the Fourteenth Amendment.[10] While Hill also asserts an ambiguous Fifth Amendment claim, the Fifth Amendment "applies only to violations of constitutional rights by the United States or a federal actor."[11] Hill's § 1983 claim is only against state actors so his due process claims can only proceed under the Fourteenth Amendment.

The First Amendment Petition Clause guarantees the right to access the courts of the United States.[12] The Fourteenth Amendment Due Process Clause also confers a right to meaningful access to the courts.[13] The First Amendment

---

[9] *See Griffin v. Illinois*, 351 U.S. 12 (1956) (discussing the due process and equal protection guarantees of access to the courts for a criminal defendant); *Johnson v. Avery*, 393 U.S. 483 (1968) (holding that prisoners must be provided a reasonable method for filing habeas corpus petitions); *id.* at 493 (Douglas, J., concurring) (suggesting that this due process guarantee may also allow prisoners to access courts for civil grievances including "veterans' claims").

[10] *See Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam) ("A *pro se* complaint is to be construed liberally.").

[11] *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000).

[12] *See Driggers v. Cruz*, 740 F.3d 333, 336-37 (5th Cir. 2014); *see also Bill Johnson's Rests., Inc. v. N.L.R.B.*, 461 U.S. 731, 741 (1983) ("[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances.").

[13] *Bayou Fleet, Inc. v. Alexander*, 234 F.3d 852, 857 (5th Cir. 2000) ("Access to the courts is a constitutionally protected fundamental right and one of the privileges and immunities awarded citizens under Article IV and the Fourteenth Amendment."); *see also*

No. 15-60327

"right of the people . . . to petition the Government for a redress of grievances"[14] is "really inseparable" from due process claims.[15] Claims under both Amendments turn on whether the aggrieved party has "been denied 'meaningful access to the courts' to present [its] claims."[16] Accordingly, we analyze Hill's § 1983 First and Fourteenth Amendment denial-of-access claims together. Hill has failed to state a claim upon which relief may be granted because neither the First nor Fourteenth Amendment requires penitentiaries to transport inmates to non-emergency disability appointments without a court order. We pretermit consideration of whether the constitutional guarantee of access to courts extends to access to administrative agency adjudications because even if such a right exists, prisons are not required to transport inmates to an off-premises, non-emergency medical examination.

Assuming *arguendo* that the First and Fourteenth Amendments mandate inmate access to the VA administrative system, EMCF's refusal to transport Hill to the VA Medical Center for a disability benefits examination nevertheless does not state a § 1983 claim upon which relief can be granted. Hill concedes—and the VA's denial letter confirms—that Appellees "allowed [Hill] to file his claims" and otherwise correspond with the agency. The denial-of-access claim instead hinges solely on Appellees' refusal to transport Hill to his off-premises medical examinations.

Correctional facilities do not have an affirmative duty to assist incarcerated veterans who apply for disability benefits. While "prisoners retain the constitutional right to petition the government for the redress of

---

*Griffin*, 351 U.S. at 18 ("[A]t all stages of the proceedings the Due Process and Equal Protection Clauses protect persons like petitioners from invidious discriminations.").

[14] U.S. CONST. amend. I.

[15] *Walters v. Nat'l Ass'n of Radiation Survivors*, 473 U.S. 305, 335 (1985).

[16] *Id.*

grievances," to the extent "a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests."[17]

The MDOC policy requires a court order before an inmate must be transported to a non-emergency medical appointment, and Hill did not seek such an order. This policy is reasonably related to a legitimate penological interest in the efficient and safe operation of a penitentiary. To hold otherwise would transform federal courts into "the primary arbiters of what constitutes the best solution to every administrative problem, thereby 'unnecessarily perpetuat[ing] the involvement of the federal courts in affairs of prison administration.'"[18] Hill had adequate, effective, and meaningful access to the courts because he was able to apply for VA-funded government benefits and appeal his denial of benefits.

## IV

Hill also asserts other constitutional violations with varying degrees of specificity. Pro se § 1983 claims are entitled to liberal construction,[19] therefore we will also address Hill's (1) alternative Petition Clause claims based on EMCF mail restrictions; (2) additional Fourteenth Amendment due process claims based on Appellees' actions and the ARP; (3) Eighth Amendment claims; and (4) alleged violations of state law and prison policy.

## A

Hill contends that his constitutional rights were violated when Appellees "refused to allow [him], and all other inmates to send appeals to the [VA] . . . as Legal Mail." This policy subjected the VA correspondence to additional

---

[17] *Turner v. Safley*, 482 U.S. 78, 84, 89 (1987).

[18] *Id.* at 89 (quoting *Procunier v. Martinez*, 416 U.S. 396, 407 (1974)) (alteration in original).

[19] *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam) ("A *pro se* complaint is to be construed liberally.").

regulations required for non-legal mail, but Hill does not allege that this prevented him from communicating with the VA. Therefore Hill's ability to petition the government for redress of grievances was not restricted and the magistrate judge's dismissal of this claim was no error.

Hill's supplemental brief alleges an additional restriction on his ability to correspond with the VA via mail. However, "[a]n appellate court may not consider new evidence furnished for the first time on appeal and may not consider facts which were not before the district court at the time of the challenged ruling."[20]  Therefore, we will not consider this new claim on appeal.

## B

Hill alleges additional violations of the Due Process Clause related to the Appellees' refusal to transport him to the VA Medical Center and the administrative grievance process. Refusal to transport a prisoner to a disability benefits examination not only fails to raise due process access-to-courts concerns, it also fails to allege any other liberty interest. Due process rights "will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."[21]  No legislative or judicial authority supports extending existing due process rights afforded in the criminal context[22] to VA disability applications. Additionally, Mississippi law forbids prisoners from being removed from the place of their confinement absent a court order, "except for trial, or in case of fire or infection, or other necessity."[23]  No Mississippi court has held that transportation to a disability benefits interview is an "other

---

[20] *Theriot v. Par. of Jefferson*, 185 F.3d 477, 491 n. 26 (5th Cir. 1999).

[21] *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

[22] *See, e.g.*, *Griffin v. Illinois*, 351 U.S. 12 (1956).

[23] MISS. CODE. ANN. § 47-3-3.

necessity" under the statute, and inmate transportation regulations are a routine part of prison management.

Smith's and Buscher's alleged failures to investigate Hill's administrative grievance adequately are also not bases on which relief can be granted. Hill puts forth a convoluted theory that the Prison Litigation Reform Act[24] creates a constitutional right to pursue an administrative grievance with prison officials. This theory is contrary to this court's case law, which holds that an alleged violation of a prisoner's due process rights resulting from prison grievance procedures is a "legally nonexistent interest."[25] Prisoners do "not have a federally protected liberty interest in having these grievances resolved to [their] satisfaction," and an alleged § 1983 due process violation for failure to investigate grievances is "indisputably meritless."[26]

## C

In his complaint, Hill also made a nebulous allegation that his Eighth Amendment rights were violated. Hill fails to reference any alleged Eighth Amendment violations on appeal. Even though pro se briefs are liberally construed, "*pro se* parties must still brief the issues."[27] As a result, Hill has waived appellate review of this claim.[28]

## D

On appeal, Hill only mentions the alleged violation of MDOC Policy 25-11-E in the statement of the case and does not mention the alleged violation of Mississippi Code § 47-3-3 at all. These issues may also be waived for failure

---

[24] 42 U.S.C. § 1997e.

[25] *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (per curiam).

[26] *Id.* at 374.

[27] *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam).

[28] *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (citing *Davis v. Maggio*, 706 F.2d 568, 571 (5th Cir. 1983)).

to brief,[29] but in any event the magistrate judge properly dismissed these claims.  This court has held that "a violation of a state statute alone is not cognizable under § 1983 because § 1983 is only a remedy for violations of federal statutory and constitutional rights."[30]  We have also dismissed § 1983 claims for alleged violations of prison policy because "a prison official's failure to follow the prison's own . . . regulations does not constitute a [constitutional] violation."[31]  Even if Appellees violated Mississippi Code § 47-3-3 or MDOC Policy 25-11-E, Hill cannot seek relief for such wrongdoings through a § 1983 claim.

*     *     *

For the foregoing reasons, we AFFIRM the judgment of the district court and Hill's motion to supplement is DENIED.

---

[29] *See id.*

[30] *Woodard v. Andrus*, 419 F.3d 348, 353 (5th Cir. 2005).

[31] *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (per curiam).