# United States Court of Appeals
# for the Fifth Circuit

_____

No. 25-30110
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

October 22, 2025

Lyle W. Cayce
Clerk

James C. Barnum, Jr.,

*Plaintiff—Appellant*,

*versus*

Mark Alan Welch; Anne Scruggs; Jacob Lee; A.
Mukhopadhyay, *Medical Doctor*; University Medical Center
Management Corporation, *doing business as* University
Medical Center - New Orleans,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:24-CV-203

_____

Before Davis, Wilson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Pro se Plaintiff-Appellant James Barnum sued Defendant-Appellee University Medical Center - New Orleans (UMCNO), alleging that its physicians intentionally botched his jaw surgeries. The district court

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

dismissed Barnum's suit. On appeal, Barnum argues that he was prejudiced by delayed docketing of his submissions in the district court. We AFFIRM.

Barnum alleges that in the summer of 2023, various doctors at UMCNO performed three successive jaw surgeries on him. He avers the physicians intentionally "botch[ed]" the surgeries, leaving him with "constant severe pain." Further, Barnum claims that UMCNO has "informal policies and procedures" targeting African Americans. Barnum sued UMCNO in federal district court and brought two claims: "hate crimes against African Americans" in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO) and a § 1983 claim for "torture" and cruel and unusual punishment.[1]

UMCNO moved to dismiss the suit for failure to state a claim.[2] The district court granted the motion. First, the district court explained that Barnum failed to allege UMCNO acted under color of state law, as required to state a viable § 1983 claim. Second, the district court found Barnum did not allege any predicate racketeering activity to support a civil RICO claim. Barnum timely appealed.

On appeal, Barnum does not challenge the district court's substantive holding that his complaint failed to state § 1983 and RICO claims. Rather, he alleges he was prejudiced by the court's failure to promptly docket his opposition to UMCNO's motion to dismiss. Barnum mailed his opposition memo to the court on December 18, 2024. But it was not docketed until January 28, 2025, one day *after* the court granted UMCNO's motion.

---

[1] *See* 18 U.S.C. § 1964(c); 42 U.S.C. § 1983. Barnum also originally brought claims against the individual physicians, but the district court dismissed these claims for lack of service. Barnum does not challenge this dismissal on appeal.

[2] *See* Fed R. Civ. P. 12(b)(6).

No. 25-30110

Barnum thus avers he suffered "great prejudice" because the court dismissed the case without considering his memo.

Barnum's recitation of the timeline appears to be accurate. But his allegation that court personnel *intentionally* delayed docketing his memo is entirely unsupported. Moreover, any error by the district court in ruling before it received Barnum's submission was harmless.[3] In similar cases, we have found no reversible error where consideration of the filing in question would not have affected the outcome of the case.[4] We have reviewed Barnum's memo and conclude that it would not have impacted the district court's ruling, even if it had arrived in time to be considered. The filing merely repeats the allegations of Barnum's complaint without addressing UMCNO's arguments for dismissal. Moreover, despite not having an opposition from Barnum, the district court did not treat UMCNO's motion as unopposed. Rather, it thoroughly analyzed the merits and reached the only proper result: that Barnum's complaint failed to state a claim. As the district court correctly observed, Barnum's complaint did not allege that UMCNO acted under "color of state law," as required to state a viable § 1983 claim.[5]

––––––––––––––––––––––––––

[3] *See* Fed R. Civ. P. 61 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.").

[4] *See United States v. Kemper*, 42 F.3d 642 (Table), 1994 WL 708669, at *1 (5th Cir. Dec. 7, 1994) (per curiam) (explaining that although "[t]echnically the district court made a mistake by not waiting a few days longer" for the petitioner's objections to arrive by mail, this was "harmless error" because the objections were "confusing" and the district court ultimately reached the correct result on the merits); *Smith v. Collins*, 964 F.2d 483, 485 (5th Cir. 1992) (holding that even if the district court "erred" by failing to consider the petitioner's timely-filed objections, such error "provides no basis for reversal" because the filing "merely reurged the legal arguments he raised in his original petition").

[5] *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013).

No. 25-30110

And, Barnum failed to allege that UMCNO engaged in a "pattern" of "racketeering activity" as is necessary to bring a viable RICO claim.[6]

Barnum's other assignments of error are equally unpersuasive. He contends that after he mailed his opposition brief, he also mailed a "motion for appointment of counsel," which was also belatedly docketed after dismissal. But the district court had already denied a previous, identical motion to appoint counsel that Barnum filed earlier in the case. The district court correctly explained that civil litigants are generally not entitled to court-appointed representation, and that counsel will not be supplied except in "exceptional circumstances" not presented here.[7] Finally, Barnum also alleges that racial "bias was taken against him" in the district court and that this court has treated him "unfair[ly]" by requiring him to follow "strict procedural rules." These allegations of bias are frivolous.[8] Moreover, pro se and represented litigants alike must comply with court procedural rules to ensure fairness, predictability, and efficiency in the judicial process.

The judgment of the district court is AFFIRMED.

---

[6] *See St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009) (per curiam) (explaining the elements of a RICO claim). "Racketeering activity" is defined in 18 U.S.C. § 1961(1), which enumerates an extensive list of qualifying racketeering crimes. However, Barnum's allegations—which sound in medical malpractice, battery, and racial discrimination—do not implicate any of the crimes listed in the statute.

[7] *See Ulmer v. Chancellor*, 691 F.2d 209, 212–13 (5th Cir. 1982).

[8] *See Washington v. Nat'l Educ. Ass'n*, 497 F. App'x 436, 438 (5th Cir. 2012) (per curiam) (noting that litigants "are not permitted to make baseless attacks against the judiciary").